1  Paul Hupp
   965 Hidden Oaks Drive
2  Beaumont, CA. 92223
   951-769-1268
3  Paulhupp@sdsualumni.org
   *In Propria Persona*
4

FILED
CLERK, U.S. DISTRICT COURT
APR -1 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5              UNITED STATES DISTRICT COURT

6              CENTRAL DISTRICT OF CALIFORNIA

7

8                                          ) Case No.: 08-cv-06927 GW (SSx)
                                           )
9  Paul Hupp,                              )
                                           )
10                                         )
          Plaintiff,                       )
11                                         ) **PLAINTIFF'S POINTS AND**
      v.                                   ) **AUTHORITIES SUPPORTING**
12                                         ) **SUBSTITUTE SERVICE ON**
   Keith D. Jones,                         ) **DEFENDANT KEITH D. JONES UNDER**
13 "Noworries"                             ) **CAL. CCP § 415.20(b)**
   Roes 1-10,                              )
14 Individually, Jointly, Jointly and Severally, )
                                           ) Action Filed: 10-21-2008
15        Defendants.                      ) Date:
                                           ) Hon.: George H. Wu
16                                         ) Courtroom No.:

17 _____

18                    **SUMMARY OF ARGUMENT**

19     This Court should enter a default of defendant Keith D. Jones because the service of

20 summons was properly affected in accordance with the statutory requirements of Section 415.20

21 of the California Code of Civil Procedure. The proof of service filed with this Court and the

22 surrounding evidence clearly show that the summons and complaint were properly served at the

23 Defendant's "usual place of business" (after multiple attempts at personal service), which was a

24 private mailbox defendant had listed with the Nevada Secretary of State for four (4) different

25 Limited Liability Companies where defendant was a "Registered Agent". Defendant had

1 adequate real and constructive notice of the service of process and failed to timely file a

2 responsive pleading.

## ARGUMENT

**I. SERVICE OF SUMMONS WAS VALID UNDER CAL. C.C.P. § 415.20(b) BECAUSE THE SUMMONS WAS SERVED AT DEFENDANT'S USUAL PLACE OF BUSINESS IN THE PRESENCE OF A PERSON CLAIMING TO BE A MANAGING AGENT/OWNER OF THE BUSINESS.**

Cal. C.C.P. § 415.20(b) authorizes substitute service upon an individual in lieu of personal service. Statutes governing substitute service are to be liberally construed to effectuate service. *Bein v. Brechtel-Jochim Group Inc.*, 6 Cal.App.4th 1387, 1391-1393 (1992). The Supreme Court's admonition to construe the process statutes liberally extends to substituted service. *Id.* To be constitutionally adequate, the form of the substituted service must be "reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard." *Zibres v. Stratton*, 187 Cal.App.3d 1407, 1417 (1986).

Section 415.20(b), which governs substitute service on individuals, provides in pertinent part:

> If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served …a summons may be served by leaving a copy of the summons and of the complaint at such person's dwelling house, usual place of abode, <u>usual place of business</u>, or usual mailing address…<u>in the presence of a</u> competent member of the household or <u>a person apparently in charge of his or her office</u>…at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal C.C.P. § 415.20(b) (emphasis added). Thus, for example, the court in *Bein* held that a service of summons to a gate guard was proper and within the purview of the statute governing substituted service. *Bein*, 6 Cal.App.4th at 1393.

Cal C.C.P. § 415.20(b), "substitute service", has been upheld on a private mailbox under both state and federal court rulings.

In <u>Ellard v. Conway</u>, 94 Cal.App4th 540, 545-547, the state court upheld service of process on a private mailbox after the process server attempted personal service at defendant's last known residential address, and, upon learning defendant no longer lived there obtained a forwarding address from the U.S. Postal Service. This amounted to reasonable diligence in attempting personal service, thus making substitute service available. Substitute service on a private mailbox was therefore proper because the forwarding address provided by the defendant made it defendant's "usual place of business".

Under <u>Burrows v. City of League City, Tex.</u>, 985 F.Supp. 704 (S.D.Tex. 1997), a federal case, service of process on a California defendant at a private mailbox was proper after attempts at personal service failed. Here is how the court ruled;

> "Under the Federal Rules of Civil Procedure, service 'may be effected in any judicial district of the United States…by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.' Fed.R.Civ.P. 4(e)(2). Therefore the Court looks to California law to determine whether …the person in charge of the private post office boxes, was authorized to receive service of process."

> The court concluded, "under California law as expressed by the clear and unambiguous language of Cal. Code of Civ. Proc. 415.20(b), service on [the defendant] was properly effected…" Therefore, Fed.R.Civ.P. 4(e)(2) validates service of federal actions perfected under the laws of the forum state or the state where service is effected.

By defendant Keith D. Jones listing himself as a "Registered Agent", his usual place of business would be the address listed for service of process under his "Registered Agent" submissions to the Secretary of State.

In the instant case, Plaintiff, and Plaintiff's licensed Nevada process server Mr. John Ely, made reasonable and diligent efforts to personally serve Defendant Keith D. Jones through

multiple emails, telephone messages and other forms of communication. (*See* Declaration of Mr. John Ely, attached under Plaintiff's Due Diligence Declaration as Exhibit #3.)

After Plaintiff's reasonable efforts to serve the Defendant in person failed, substitute service was made at Defendant's "usual place of business," The UPS Store, 3315 Russell Road, A-4 #325, Las Vegas, Nevada, 89120, as submitted by Keith D. Jones under defendant's "Registered Agent" disclosures.

The service of summons was made to Mr. Ron Staffieri, who was at least 18 years of age and who claimed to be the owner of The UPS Store. (*See* Declaration of Service, attached under Plaintiff's Due Diligence Declaration as Exhibit #3.).

As such, Mr. Ron Staffieri was apparently in charge of Keith D. Jones listed address for service of process, and competent to receive such service under § 415.20(b).

Thereafter, a copy of summons and complaint was mailed first class to the Defendant Keith D. Jones at The UPS Store, 3315 Russell Road, A-4 #325, Las Vegas, Nevada, 89120.

Based on these facts, the service of summons was clearly compliant with Section 415.20(b), and the Defendant's default should be entered.

Dated this 30th day of March, 2010

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
951-769-1268
Paulhupp@sdsualumni.org
*In Propria Persona*