Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
951-769-1268
Paulhupp@Gmail.com
*In Propria Persona*

FILED
CLERK, U.S. DISTRICT COURT
SEP 24 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ JG _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp, <br><br> Plaintiff, <br><br> v. <br><br> Keith D. Jones, <br> "Noworries" <br> Roes 1-10, <br> Individually, Jointly, Jointly and Severally, <br><br> Defendants. | Case No.: 08-cv-06927 GW (SSx) <br><br> **PLAINTIFF'S OPPOSITION TO THIS COURT'S AUGUST 23, 2010 TENTATIVE RULING** <br><br> Action Filed: 10-21-2008 <br> Status Update: 09-27-10, 8:30 AM <br> Hon.: George H. Wu <br> Courtroom No.: |

### Introduction

Plaintiff Paul Hupp ("Plaintiff"), in his complaint against Keith D. Jones ("Jones"), hereby files this opposition brief of this Court's August 23, 2010 "Tentative Ruling".

### Argument

1) **Local Rule 58-1**. This Court states that Plaintiff has failed to comply with Local Rule 58-1, by not submitting a proposed default judgment. If the Court would review Plaintiff's July 6, 2010 submission of several documents (four (4) total), once of which is entitled "Default Judgment", which clearly lays out the relief sought. This brief is in compliance with Local Rule

58-1. It is a "proposed" judgment because it was submitted for the Court's signature. It states a monetary and injunctive relief.

2) **Invasion of Privacy claim**. Plaintiff's invasion of privacy claim is NOT based upon the mere fact that defendant Jones said Plaintiff was "gay". That is a defamation claim. The invasion of privacy claim is for Jones posting Plaintiff's name, on a public website, when Plaintiff did not wish, intend, ask for, or in any other way wished to be publicly identified for a number of valid and legitimate reasons. This included sending a private message to Jones informing him of this very fact after he published Plaintiff's name once already, prior to the statements made and documents in the default request.

The same can be said of the "thief", "fraud" and other statements, those are NOT invasion of privacy claims; they are straight up defamation claims. They all were/are 100% false.

A claim that can be positively determined to be false is one of defamation. The statements made by Jones concerning Plaintiff can be positively proven false, and Plaintiff has set forth such documentation proving such. These do not relate to invasion of privacy.

The posting on an Internet message board under an alias does not make the persons identity "public". People post under alias names for a reason; they do NOT want their identities known. This is so they more engage in free and open debate without the fear of reprisal in any number of private or professional situations. A comparison to "Mysapce.com" where people are using their REAL names intentionally is not even remotely applicable to the present case.

Plaintiff did NOT use his real name, FIRST or last. Plaintiff's full identity was NOT "readily ascertainable" from any source whatsoever, with the exception of Jones.

The statements Jones made, standing alone, are enough for jurisdictional damages.

Jones's statement against an *anonymous identity* is not "highly offensive", but that is not the case here. Here these statements were attributed to a REAL person who is identified, and that *is* "highly offensive".

    3) **Intentional Infliction of Emotional Distress (""IIED)**. The comments Jones made about Plaintiff were numerous, not limited to just one (1), or even two (2) or three (3) statements, but in excess of 11, on the very first page of a 20-page thread. In addition, the public "outing" of Plaintiff allowed others to make many more false statements. It was extremely hard to have the offensive and false comments removed and Plaintiff still has issues with this act nearly two (2) years after it happened.

    The IIED claim cannot be measured with *exact* specificity, but it can be measured, and that does not mean it should be limited to a "nominal" amount. The actions Jones took in this case must be judged and determined by a reasonable person. No reasonable person would or could ever say the tings Jones falsely stated about Plaintiff are not the type to cause IIED.

    4) **Damages**. The defamation damages are *per se,* they are presumed to inflict damage. The fact that Jones made numerous defamatory comments is enough to warrant, and invoke, the jurisdictional amount of this Court. Indeed there are cases in California where a single *per se* defamatory comments have resulted in six (6) figure plus judgments. This case has numerous *per se* defamatory comments and is not limited to just one (1).

### Conclusion

    Plaintiff has met Local Rule 58-1. The service or process is a closed issue. Jones was properly served not just by publication, but **five (5) times** by certified mail, and **twice** at the two (2) addresses he himself listed with the Nevada Secretary of State for his LLC entities.

1   Jones made the false statements that gave rise to this complaint on an Internet board that
2   was read, and the damages incurred, in this district of this state, that gives this Court personal
3   jurisdiction over Jones. Plaintiff finds this reason for denial strange because this is the very first
4   time personal jurisdiction has been claimed by this Court to be an issue.

Subject matter jurisdiction is met because the amount in controversy is over $75,000. Indeed this is another issue that was repeatedly addressed by the filing of amended complaints, at the request of the Court itself to invoke subject matter jurisdiction.

The amount of damage on the defamation claim is not "little more than speculative", it is *per se* defamation. *Per se* defamation is not "speculative". There is no reason to even have *per se* defamation if a court is just going to rule the defamation as "speculative" or "nominal".

In addition to the per se claim of defamation, you have the fact that Jones made so many of the defamatory statements that they can easily aggregate to the jurisdictional limit, even without the IIED and invasion of privacy claims.

Respectfully Submitted.

Dated this 21st day of September, 2010

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
951-769-1268
Paulhupp@Gmail.com
*In Propria Persona*